# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-604V
UNPUBLISHED

| | |
|---|---|
| MICHAEL BRENT KLUSMAN,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Chief Special Master Corcoran<br><br>Filed: January 21, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*William Patrick Ronan, III*, The Ronan Law Firm, Overland Park, KS, for petitioner.

*Ida Nassar*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On April 23, 2019, Michael Brent Klusman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barre Syndrome ("GBS") as a result of receiving an influenza ("flu") vaccine on November 8, 2017. Petition at 1. Petitioner further alleges the the vaccine was administered in the United States, that he has suffered the residual effects of his injury for more than six months, and that there has been no previous award or settlement of a civil action for his injury. Petition at 1, 20. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 11, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On January 21, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $225,300.10

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

(comprised of $225,00.00 for pain and suffering, and $300.10 for out-of-pocket medical expenses). Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $225,300.10 (comprised of $225,00.00 for pain and suffering, and $300.10 for out-of-pocket medical expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

_____
                                                              )
MICHAEL BRENT KLUSMAN,          )
                                                              )
     Petitioner,                              )     No. 19-604V    ECF
                                                              )
     v.                                              )     Chief Special Master Corcoran
                                                              )
SECRETARY OF HEALTH              )
AND HUMAN SERVICES,             )
                                                              )
     Respondent.                            )
_____)

**PROFFER ON AWARD OF COMPENSATION[1]**

**I.     Procedural History**

On April 23, 2019, Michael Brent Klusman ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. He alleges that, as a result of receiving the influenza vaccine on November 8, 2017, he suffered from Guillain-Barre Syndrome (GBS). *See* Petition. On April 30, 2020, respondent filed his Vaccine Rule 4(c) report, concluding that petitioner suffered GBS as defined by the Vaccine Injury Table, within the Table timeframe. On May 11, 2020, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for a GBS Table injury.

**II.    Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$225,300.10** for all damages, including $225,000.00 representative of pain and

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

suffering, and $300.10 representative of out-of-pocket medical and related expenses.  This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

III.     **Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following: A lump sum payment of **$225,300.10** in the form of a check payable to petitioner.[2]  Petitioner agrees.

>Respectfully submitted,
>
>BRIAN M. BOYNTON
>Acting Assistant Attorney General
>
>C. SALVATORE D'ALESSIO
>Acting Director
>Torts Branch, Civil Division
>
>HEATHER L. PEARLMAN
>Acting Deputy Director
>Torts Branch, Civil Division
>
>DARRYL R. WISHARD
>Assistant Director
>Torts Branch, Civil Division

---

[2]  Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

/s/ Ida Nassar
IDA NASSAR
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 616-4186
E-mail: ida.nassar@usdoj.gov

Date:   January 21, 2021